HORACE L. HODGE, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad company — duty of, to erect and repair fences — it is not liable if it was not negligent and had neither actual nor constructive notice of defects therein — in an action for negligence, the allowance of interest is in the discretion of the jury.*

APPEAL from a judgment, entered upon the verdict of a jury in the County Court of Ontario county, in favor of the plaintiff; and from an order denying a motion for a new trial, made upon the minutes of the court.

The action was originally brought in a Justices' Court. Judgment was rendered in favor of plaintiff, from which an appeal was taken to the County Court, in which court a new trial was had.

This action was brought to recover damages for the killing of four sheep, in the fall of 1871; of two cows in August, 1874, and

three sheep in June, 1877, through the negligence of the defend-
ant, in not keeping in proper repair the fences along the line of
defendant's railroad, and the cattle-guards at the highway crossing.

The court at General Term said : " The defendant's counsel also
requested the court to charge that, if the cattle or sheep got through
the company's fence or cattle-guard by reason of some defect therein,
which defect was not brought home to the knowledge of the defend-
ants or its agents, either directly or constructively, the plaintiff can-
not recover. This the court refused to charge, and the defendant
excepted. We are of the opinion that the request was proper, and
should have been charged. The statute requires that railroad com-
panies must build and maintain fences along the sides of their road,
and makes them liable for all stock escaping and killed upon their
tracks when such fences are not in good repair. The right to
recover depends upon the negligence of the defendant. The
inquiry is : Has the company discharged its duty under the statute ?
Fences are liable to get out of repair ; are liable to be blown down
by sudden gusts of wind ; to be let down by trespassers ; to be
destroyed by fire and other causes. It is the duty, however, of the
railroad company, within a reasonable time, to cause them to be
repaired. It is their duty to cause frequent examinations to be
made to see if the fences are in repair, and if they neglect to do so
they will be charged with negligence. Where they have actual
notice that a fence is out of repair they are chargeable with negli-
gence if they suffer it so to remain. Where fences are out of
repair, and have been so for such a length of time that the company
will be presumed to have notice through its agents and servants,
they are then chargeable with negligence, as having had constructive
notice. Unless the company has actual or constructive notice of
the defect in the fences, or are guilty of negligence in not making
proper examination for the purpose of seeing whether the fences
are in repair, there can be no recovery. (*Wheeler* v. *The Erie
Railway Co.*, 2 T. & C., 634; *Munch* v. *N. Y. C. R. R. Co.*, 29
Barb., 647.)

" The court charged that if the jury found for the plaintiff they
must allow interest on the value of the sheep and cattle killed, from
the time they were killed to the present day. To this charge the
defendant duly excepted. This was error. This action is to recover

damages claimed to have been sustained on account of the defendant's negligence. In such actions interest is not allowable as matter of law. It can only be awarded as damages, and is in the discretion of the jury. (*Black* v. *The Camden and Amboy R. R.*, 45 Barb., 40; *The Home Ins. Co.* v. *The Penn. R. R. Co.*, 11 Hun, 182, 188.)

" The authorities cited by the respondent upon this question were cases arising out of contracts, and are therefore not in point."

*W. H. Adams*, for the appellant.

*Edwin Hicks*, for the respondent.

Opinion by HAIGHT, J.; HARDIN, J., concurred; SMITH, P. J., taking no part.

Judgment and order reversed and a new trial ordered in the County Court, costs to abide the event.